JUSTICE RICE
dissenting.
¶31 Section 46-23-505, MCA (2005), is neither vague on its face nor as applied to Knudson. While the word “address” may, under certain circumstances, have more than one generally accepted meaning, in the context of the Act it clearly has only one, and Knudson was on notice from the day he registered that the only appropriate meaning of the word “address” was his residential address.
¶32 When read as a whole, the 2005 version of the Act clearly intended the word “address” to mean a registrant’s residential address. The Legislature’s minor change in the wording of § 46-23-505, MCA, clearly did not represent a change in the requirements of that statute. As the State points out, a registrant’s residence is a pervasive theme throughout the Act, appearing in at least four places in the statutory text. See § 46-23-503(2)(a), MCA (2005) (referring to “the address at which the offender intends to reside upon release ...”); § 46-23-504(c), MCA (2005) (imposing a duty to promptly register upon entering a county “for the purpose of residing or setting up a temporary domicile ...”); § 46-23-506(3), MCA (2005) (providing for relief from lifetime registration for certain offenders by filing a petition in the judicial district where the registrant “resides”); § 46-23-509(4), MCA (2005) (permitting Level 2 offenders to petition for change in designation in the judicial district where the registrant “resides”). In contrast, nothing in the Act indicates a desire by the Legislature to enable authorities to track a registrant’s mailing address, and common sense *175 dictates that such is clearly not a purpose of the Act. Rather, a “reasonable person of average intelligence” can comprehend § 46-23-505, MCA (2005), to require a residential address, not a mailing address, for purposes of informing authorities and the public of the locations in which registered sex offenders are residing.
¶33 To say that Knudson “did not have actual notice, from either the statute or the officials enforcing it, that a mailing address was insufficient[,]” is simply not the case. When Knudson was released from custody, he was required to register with the sheriff’s department pursuant to § 46-23-503, MCA (2001). At that time, Knudson was required to notify the sheriffs department of the “address” at which he intended to “reside.” Section 45-23-503(2)(a), MCA (2001). There is nothing unclear about that requirement. Nonetheless, he failed to do that, instead providing his father’s mailing address. Though regrettable, it is irrelevant that the sheriffs department’s nonfeasance led him to believe a mailing address was sufficient. Simply because the sheriff s department erroneously accepted his mailing address does not mean that providing his mailing address “sufficed.” Knudson’s mailing address did not suffice in February 2002, and it did not suffice in November 2005.
¶34 Nor do such circumstances justify this Court’s exercise of its constitutional power of judicial review to declare the Act unconstitutional as applied here. Indeed, the meaning of “address” aside, the statute in effect at the time Knudson registered in 2002, and even when Knudson began living with his girlfriend in September 2005, required Knudson to notify the sheriff if he “changes residence.” Section 45-23-505, MCA (2001); § 45-23-505, MCA (2003). Thus, Knudson was on statutory notice, for three years before the statute was amended and until shortly before he was charged, that providing his mailing address was insufficient to meet the requirements of the Act. He changed residences, but failed to notify authorities.
¶35 For the foregoing reasons, I would affirm the District Court’s conclusion that § 46-23-505, MCA (2005), is not unconstitutionally vague.
JUSTICE MORRIS joins in the dissenting opinion of JUSTICE RICE.